UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DARLENE GORDON and : 
MICHAEL GORDON, :
: 
                Plaintiffs :
: NO. 3:CV-05-1157
         -vs- :
: (Judge Kosik)
:
HOME DEPOT, USA, INC., :
:
                Defendant :

## **MEMORANDUM AND ORDER**

This matter is before us on the motion of defendant Home Depot, USA, Inc., for summary judgment in the tort action of plaintiff Darlene Gordon who was injured as a business invitee. The motion will be denied.

### Background

On November 22, 2002, plaintiff Darlene Gordon, along with her husband and child, was shopping for a kitchen cabinet. While in the cabinet section of the defendant store, they selected the items they wished to purchase. Her husband went to seek out a sales person. Plaintiff Darlene Gordon and her child waited for his return to the cabinet aisle. She observed and admired tall and shorter book shelves on the side of the aisle.

At the deposition taken by the defense, Darlene testified that while waiting for her husband, she stood next to the bookshelves she admired and "leaned" and "sit-leaned" on the shelf. Her daughter asked to sit on the shelf but plaintiff would not permit it and told her daughter she herself was not sitting on the bookshelves. Rather, she was only "leaning on here." When plaintiff went to take her daughter's hand and was getting down to move away, the shelf broke through and she fell to the floor. In seeking an explanation of her

"sit-lean," the defense explored her meaning. Plaintiff explained the sit-lean required her to "raise her butt" or to "half-cheek lean." In the "sit-lean," one foot was on the ground, the other partially raised.

On cross-examination by her counsel, plaintiff offered that after her fall, a manager at the store assisted her. He told her the shelves were assembled to fill an order. The manager said "they didn't belong here in this aisle at all," and he didn't "know why they left them here. . .".

## Discussion and Conclusion

The thrust of the defense motion is that plaintiff Darlene admitted she did not believe the shelves were chairs. Accordingly, she should have recognized a dangerous condition because it was obvious. Of course, despite her testimony, she has not indicated a recognition of a dangerous situation. The manager may have recognized a dangerous condition because, if plaintiff is to be believed, he knew the shelves did not belong in the aisle.

We do not believe the evidence shows that there is no genuine issue as to any material fact so as to entitle the defense to a judgment as a matter of law. At best, the evidence shows the plaintiff may have been contributorily negligent, an issue which should be left for the jury along with the issue of the defendant's negligence.

The motion for defense summary judgment is denied.

SO ORDERED.

                                                  s/Edwin M. Kosik  
                                                  United States District Judge

Date: October 3, 2006